The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pamela T. Young and the briefs and argument on appeal. The appealing party has not shown good ground to receive further evidence or to amend the prior Opinion and Award. Accordingly, the Full Commission affirms and adopts the Deputy Commissioner's decision and enters the following Opinion and Award.
 *********** EVIDENTIARY RULING
All objections are ruled upon in accordance with the law and this Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties at the hearing on 31 October 1996 as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. The carrier on the risk was ITT Hartford at all relevant times herein.
4. Plaintiff alleges to have sustained a compensable injury by accident on 17 January 1995.
5. Plaintiff's average weekly wage was $378.48, yielding a compensation rate of $252.28.
6. The issues to be determined are:
 a) Whether plaintiff suffered an injury by accident on 17 January 1995, for which she is entitled to workers' compensation benefits?
 b) Whether plaintiff's claim is barred by N.C. GEN. STAT. § 97-22?
 ***********
The Full Commission adopts the findings of fact found by the deputy Commissioner as follows:
 FINDINGS OF FACT
1. At the time of the hearing on 31 October 1996, plaintiff was 47 years old and was no longer employed with defendant-employer. Plaintiff had stopped working for defendant-employer during the week of 24 September 1995.
2. At the time of the alleged injury on 17 January 1995, plaintiff worked for the defendant-employer. Plaintiff's duties included changing improperly fitting metal and maneuvering the metal onto a reel.
3. Plaintiff testified at the hearing before the Deputy Commissioner that on or about the end of January 1995, she was at work trying to fit the metal onto the reel when she felt a pop in her back. Plaintiff did not acknowledge this pop and continued to work. Plaintiff also testified that she went to the emergency room where she reported her work-related injury and that X-rays were taken, but revealed no injury. Plaintiff returned to work the next day.
4. The medical records of evidence, however, reveal that plaintiff did not seek any medical treatment until 21 February 1995. On that date, notes from the Gaston Memorial Hospital indicate that plaintiff complained of a painful ring on her right leg, but there was no record of any report of trauma or work-related injury.
5. The medical records further reveal that plaintiff returned to Gaston Memorial Hospital on 23 April 1995, to again complain of the painful ring on her leg. The notes at that time again reveal that there was no complaint or report by plaintiff of any work-related trauma.
6. Plaintiff also received treatment from Dr. Jeffrey Kneisl and Dr. Edward Hanley. In the note of 27 February 1995, Dr. Kneisl reports that plaintiff complained of sciatic pain, but there was no indication of any type of work-related trauma.
7. The first record that plaintiff told medical personnel of any type of work-related injury was to Dr. Robert S. Humble on 22 September 1995. On that date, Dr. Oweida gave plaintiff a written excuse for light-duty work but did not write her out of work.
8. The competent medical evidence in the record fails to establish any causal relationship between any type of treatment plaintiff received in September of 1995 or thereafter and any alleged event of on or about 17 January 1995.
9. The competent evidence in the records fails to establish any type of reasonable excuse for plaintiff's failure to report her alleged injury in a timely manner.
10. The competent evidence in the record, including the history and information reported by plaintiff in her medical records at the Gaston Memorial Hospital emergency room on two separate occasions, and later to Drs. Kneisl and Hanley, do not support plaintiff's contention that she sustained an injury by accident or as a result of a specific traumatic incident of the work assigned to her by defendant-employer on or about 17 January 1995. Plaintiff symptoms are not causally related to any injury by accident or specific traumatic incident on 17 January 1995.
11. Plaintiff did not carry her burden of proving that she suffered a compensable injury arising in the course and scope of her employment with defendant-employer.
12. Plaintiff's injury did not arise in the course and scope of her employment with defendant-employer and is therefore not compensable under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course and scope of her employment with defendant-employer or as a result of a specific traumatic incident of the work assigned by the defendant-employer on or about 17 January 1995. N.C. GEN. STAT. § 97-2(6).
2. Plaintiff failed to carry her burden of proof to establish that she injured herself at work, and, therefore, she is not entitled to benefits under the Workers' Compensation Act.Id.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. The plaintiff's claim is and under the law must be DENIED.
2. Each party shall bear its own costs.
 S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/ _______________ RENÉE C. RGIGSBEE COMMISSIONER
S/ _______________ DIANNE C. SELLERS COMMISSIONER